AUXVASSE QUARRY COMPANY, A CORPORATION, APPELLANT, v. WM. F. HARRISON ET AL., RESPONDENTS.—117 S. W. (2d) 384.

Kansas City Court of Appeals. May 23, 1938.

*Baker & Baker* and *North T. Gentry* for appellant.

*W. C. Maughs* and *Cave & Hulen* for respondents.

SHAIN, P. J.—This is an action in equity wherein certain specific relief, and general and unspecified relief is asked; which said relief asked for is fully set forth in the last paragraph of plaintiff's petition, hereinafter quoted.

It appears from the petition filed that Samuel S. Harrison, one of the defendants, became and was the record owner of certain real estate situate in Calloway county, Missouri, and that he executed a deed of trust on said real estate to secure five (5) promissory notes of five hundred dollars ($500) each, and wherein the Union Loan and Investment Company, a corporation, of Carthage, Illinois, was the payee, and Fred B. Kent, a defendant, is the designated trustee in aforesaid deed of trust. There is allegation that aforesaid notes were assigned for value received to Charles C. Pickard, and that said Pickard, a resident of Illinois, had departed this life, and that the Probate Court of Lewis County, Missouri, had appointed Harry S. Rouse, ancillary administrator. Said administrator is made a defendant herein.

The petition alleges that defendant William F. Harrison was an employee of plaintiff, up to October 11, 1936. The Security Bank of Auxvasse, a defendant, is alleged as having for collection the notes involved.

It is also alleged that defendant William F. Harrison, having notice of the fact that his employer, plaintiff herein, was negotiating for the purchase of aforesaid notes at a greatly reduced price, took advantage of said knowledge and by fraudulently pretending that his negotiations were in behalf of plaintiff, himself purchased said notes for the sum of $1000.

With the above facts stated, the prayer of the petition clarifies as to the question involved. The prayer is as follows:

"Wherefore, the plaintiff prays that the defendant William F. Harrison be decreed and adjudged to have purchased said notes for the use and benefit of the plaintiff, and that he holds them as agent for the plaintiff, and that he be ordered and directed to de-

liver all of said notes to the plaintiff upon the payment to him by the plaintiff of the sum of one thousand dollars with interest thereon at the rate of six per cent from the — day of October, 1936, to the date of the filing of this petition; and that the defendants, their officers, agents, associates and employees be enjoined from selling, assigning, transferring, disposing of, making way with or secreting said notes, or either one of them, in any manner whatever; and also enjoined from foreclosing the deed of trust herein described or advertising said last described real estate for sale under the terms of said deed of trust; and that the defendants be ordered and required to produce all of said notes, together with the deed of trust securing them and the certified copy of the order of the Probate Court of Lewis county, Missouri, directing the ancillary administrator to sell, transfer and assign said notes in this court, so that upon a full hearing this court may make such orders, judgments and decrees in the matter herein which shall to the court seem meet and just. And the plaintiff prays for such other and further and greater orders, judgments and decrees to which the plaintiff is entitled and to which the court shall find and determine the plaintiff be entitled and which to equity and good conscience may belong, and for all costs of this cause."

A trial was had before the court and at the close of all the evidence, the court made and entered judgment, dismissing plaintiff's bill in equity, and finding for defendants. Plaintiff duly appealed from said judgment and finding.

We will continue to refer to appellant as plaintiff and to respondents as defendants.

## Opinion.

We are confronted with a motion to dismiss appeal which must first be considered. The motion is in words and figures as follows:

"Come now the respondents, William F. Harrison, et al., and move the Court to dismiss the appeal herein and for reasons therefor says:

"1. Because appellant has failed to embody in the bill of exceptions as set out in its abstract the whole of the evidence taken in the trial as required by Rule 14 of this Court.

"2. Rule 18 of this Court requires a dismissal of the appeal for failure to comply with Rule 14.

"3. Because appellant, in its brief served and filed herein, has failed to comply with the provisions of Section 1060, R. S. Missouri 1929, and Rule 16 of this Court, in that appellant has failed to make a clear and concise statement of the case without argument, reference to issues of law, or repetition of testimony.

"4. Rule 18 of his Court requires a dismissal of the appeal for

failure to comply with Rule 16 of this Court and Section 1060, R. S. Missouri 1929."

The abstract of record filed by the plaintiff herein is abridged; the evidence being presented in narrative form.

In support of motion to dismiss, defendants file an additional abstract of record, stated, however, that it is not intended .to cover the entire evidence, nor to supply omissions of material evidence, but as illustrating the incompleteness of the abstract filed by plaintiff.

This being a suit in equity, the province of this court is not limited to the determination of the question as to whether there is substantial evidence justifying submission of issue of fact. In suits in equity it is the duty of this court to examine the evidence and make findings of face based upon the evidence. It is, therefore, imperative that all of the evidence bearing upon the issues presented to us for review must be embodied and preserved in the bill of exceptions. Similar records to the one herein are often filed and appellate courts are often obliged to spend more time and trouble in determining motions to dismiss than it takes to determine the question in the appeal.

In the record as filed by plaintiff herein it is stated that, "Plaintiff then had identified and offered in evidence the following letters." Immediately thereafter is shown a letter purporting to be from W. B. Whitlow to a Mr. Rouse. As shown in the abstract, without other showing than is contained in the abstract, we are in effect asked to consider same in passing upon the issues presented. However, it is shown by an additional abstract that an objection was duly made to the introduction of the letter, and that said objection is shown as sustained.

In the trial of the case in the circuit court, the plaintiff, appellant herein, called as a witness Mr. W. B. Whitlow. As illustrative of the showing made in the abstract of the record filed by plaintiff, we quote in full the narrative of his testimony as same appears in the record, to-wit:

"I have been a practicing lawyer in Fulton for many years. The notes and deed of trust, Exhibits A, B, C and D, were sent me for collection by C. E. Pickard, of New York, on April 4, 1935. I got in touch with Sam Harrison and had a number of conferences with him and perhaps others in my office. I was familiar with the 170 acres, and I knew that Sam Harrison was one of the directors of Auxvasse quarry company. As a result of his visits to my office, Sam Harrison told me that the company would try and raise one thousand dollars in settlement of those notes, and I told him I would convey his offer to Mr. Pickard, and report back to him what Pickard said. That was prior to June 27, 1935. I communicated that offer to him, and told Sam Harrison I would report back to him. I never heard from Mr. Pickard; but Sam Harrison came back to

see me that same summer. I told him that I had not had an answer from Mr. Pickard. Perhaps I told him that I would let him know, and it was my intention to do so, as I was dealing with him. I knew that Sam Harrison represented the quarry company, and they were all dealing together and interested in getting it out. I later told him that I had not heard from Pickard. On April 25, 1936, I had a letter from a New York trust company, informing me that Mr. Pickard was dead, and among his papers was certain correspondence with me. I wrote the trust company that I had the notes and deed of trust and that they belonged to Mr. Pickard. I had no answer to that letter. Some time later Harry S. Rouse, an attorney of Canton, Missouri, came to my office and showed me that he was ancillary administrator of the Pickard estate in Missouri, and wanted to know if I had the notes and deed of trust, and I told him I did. Two or three days later Wm. F. Harrison came to my office and asked if I still had the notes, and I told him I did. I told him that Mr. Rouse had been to see me, and I believed that I could get a sale approved for One thousand dollars. The next day he gave me One thousand dollars and I gave him a receipt for it, conditioned upon being able to get the approval of the sale. I wrote to Mr. Rouse and told him that I had the One thousand dollars and to get the approval of the Probate court of Lewis county, which was obtained and the notes were mailed to defendant Wm. F. Harrison.

"Q. Well, did you, at the time you sold these notes to Wm. F. Harrison believe you were selling them to someone representing Samuel S. Harrison or the Auxvasse quarry company? Objected to by defendant's counsel, as it is wholly immaterial what he believed, it was not binding on anybody. Objection sustained by the court. Defendant offered to prove by this witness that at the time he made these negotiations with Wm. F. Harrison, he believed he was dealing with someone representing Samuel S. Harrison and the Auxvasse quarry company. Objection sustained by the court; and plaintiff duly saved his exceptions at the time."

By reference to plaintiff's brief it is shown that the first assignment of error is as to the refusal of the court in sustaining objection to the offered testimony as to the question set out above.

There is certainly nothing shown in the narrative of the testimony of the witness from which a court of review can intelligently pass upon the question of admissibility of the testimony as offered.

The additional abstract, filed solely for the purpose of the motion, informs us that the testimony of W. B. Whitlow, together with exhibits therein, covers thirty-one pages of the transcript of the record. It is stated that in connection with the testimony of this witness there were six exhibits filed by plaintiff. In the abstract filed by the plaintiff there is not a single exhibit set out.

In addition to above in the additional abstract filed, by defendant in support of motion to dismiss the appeal, there is shown testimony of the witness Whitlow, by question and answer, which shows facts that tend to support the action of the court in sustaining the objection to the testimony concerning which the plaintiff makes claim of error. The testimony of the witness Whitlow, referred to above, is shown as follows:

"MR. CAVE: And in that investigation, you had also learned of the financial condition of the Auxvasse Quarry Company, and Mr. T. P. Harrison and the other parties, and you didn't think there was anybody that you could collect in full from—is that right? A. That is true.

"Q. I understand that when defendant William F. Harrison came to your office to purchase these notes, so far as you recall he made no statement to you as to who he was representing or anything about that at all? A. That is my recollection.

"MR. BAKER: His testimony was that he didn't indicate one way or the other.

"MR. CAVE: That was my recollection. And his check that was given was signed by him individually and you gave him, individually, the receipt? A. Yes, sir."

By reference to brief filed by plaintiff, there is shown assignment of error as to action of court in excluding evidence of defendant William F. Harrison, concerning his offer to lease the property involved, and concerning statement made to official of the bank (from which bank he had borrowed money to purchase the notes in question) to the effect that he would never molest Sam Harrison, and that he had talked it over with Sam Harrison and that he had said it was all right to buy the note.

We have carefully examined the record filed by plaintiff herein and find that the evidence of Samuel S. Harrison, is shown in narrative form. However, there is no showing as to the offer of any such testimony, the exclusion or admission of which complaint is made, and no objections are shown to same.

We conclude that the motion to dismiss should be sustained upon authority, Fielder v. Fielder, 6 S. W. (2d) l. c. 970; also, Walsh v. City of Monett, 200 S. W. 97.

In addition to the complaint that the record is not complete, the defendants urge that the statement in appellant's brief does not comply with section 1060, Revised Statutes of Missouri, 1929, and rule 16 of this court. While we conclude that the statement in many respects violates the rule, still as we have concluded that the record is defective in failure to embody the whole of the evidence, we need not comment further. We find nothing in the record proper that would justify an interference with the judgment of the circuit court.

For reasons stated above, the appeal is dismissed. All concur.